✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

12:09 pm, Jan 28 2021
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____crp_____ Deputy

Case 1:21-mj-00208-TMD  Document 1-1  Filed 01/28/21  Page 1 of 5

1:21-mj-208 TMD

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I. **AFFIANT AND EXPERTISE**

1. Your affiant, Special Agent Timothy K. Moore, after being duly sworn, states as follows:

2. Your affiant is an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18.

3. Your affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and is currently assigned to a joint task force comprised of ATF agents and detectives from the Baltimore Police Department (BPD). Your affiant has been employed by the ATF since 2007. Your affiant has participated in numerous investigations focusing on Controlled Dangerous Substance (CDS) trafficking, firearms traffickers, home invasions, gangs, kidnapping, and illegal firearms. Your affiant is also assigned to the Federal Bureau of Investigation (FBI)-led Joint Terrorism Task Force where he has participated in investigations into white nationalists, home-grown domestic terrorists, and homegrown violent extremists. Your affiant has conducted surveillance of suspected CDS and firearms traffickers; interviewed numerous individuals involved in gangs, the CDS trafficking trade, and the illegal firearms trade; participated in several Title III wiretap investigations as an affiant, monitor, and member of surveillance teams; participated in the execution of hundreds of state and federal search and arrest warrants involving CDS traffickers, firearms traffickers, violent offenders to include home invasion crews, domestic terrorists/extremists, and prohibited persons in possession of firearms; and participated in the seizure of numerous firearms and large amounts of controlled dangerous substances.

4. This Affidavit is made for the limited purpose of establishing probable cause in support of a Criminal Complaint alleging that Blaine Kenneth KLUGE possessed a firearm that was not registered to him in the National Firearms Registration and Transfer Record (NFRTR), to wit, a silencer, in violation of Title 26 U.S.C. § 5861(d). Because this Affidavit is for the limited purpose of establishing probable cause to support the Criminal Complaint, it contains only a summary of relevant facts. I have not included each and every fact known to me concerning the entities, individuals, and the events described in this Affidavit.

5. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers; (c) criminal history records maintained by various law enforcement agencies, the Bel Air Police Department, and the ATF; and (d) the training and experience of myself and other law enforcement agents and officers.

6. Based on my personal participation in this investigation, as well as reports made to me by other investigators and officers of the Bel Air (Maryland) Police Department (BAPD), I am familiar with the facts and circumstances of this investigation.

7. I have not included all of the information relevant to the investigation in this affidavit, but I do not believe that I have omitted any information that would have a tendency to defeat a showing of probable cause. To the best of my knowledge and belief, all statements made in this affidavit are true and correct.

## II. **PROBABLE CAUSE**

8. On October 30, 2019, the Honorable Susan Hazlett of the District Court of Maryland for Harford County authorized warrants to search KLUGE's residence; 1952

1:21-mj-208 TMD

Pleasantville Road, Forest Hill, Maryland for evidence of a burglary. Investigators executed the warrant that same day.

9. While the entire residence was searched, the majority of evidence was found in KLUGE's bedroom, which was identified by KLUGE's father as being KLUGE's bedroom. In addition to his father identifying it as his bedroom, W-2 paystubs in KLUGE's name were found on the coffee table, along with mail in his name found scattered throughout the room. During the warrant execution, investigators recovered the following (among other items):

   a. A suspected homemade silencer.
   b. A replica Nazi knife with a swastika on it.
   c. A replica German military helmet bearing Nazi symbols.
   d. A ballistic vest with rifle plates, with two loaded magazines of .223 cal. ammunition stored inside the vest.
   e. Over twenty-five hundred rounds of varying caliber ammunition.

10. The suspected homemade silencer was found on top of a locked, stand-up gun safe in KLUGE's bedroom that was large enough to fit a number of handguns and rifles. However, when investigators opened the safe, there were no guns in it, rather they found a ballistic vest and two loaded magazines. In my training, knowledge, and experience, I know that people who generally possess large amounts of varying caliber ammunition will typically possess handguns and/or rifles that accommodate said ammunition. In this instance, with ammunition for shotguns, assault-style rifles, hunting rifles, and one round of handgun ammunition, your affiant believes that KLUGE likely possessed firearms that were too well concealed for investigators to find during the search.

11.     Following the search warrant at KLUGE's residence and his arrest on burglary charges, the BAPD reached out to your affiant to get an opinion on what, exactly, the item believed to be the homemade silencer was. Your affiant examined the item but determined it would be best to have it examined by a certified expert at the ATF Firearms Technology Criminal Branch. Accordingly, the item in question was delivered to Firearms Enforcement Officer (FEO) Daniel Hoffman at the ATF Firearms Technology Criminal Branch in Martinsburg, West Virginia by your affiant. After examination and testing of the item, FEO Hoffman determined the following: that it was, in fact, a firearm silencer as defined in Title 18 U.S.C. § 921(a)(24); that the item is a firearm as defined in Title 18 U.S.C. § 921(a)(3)(c); and that it is also a firearm as defined in Title 26 U.S.C. § 5845(a)(7) that does not bear any manufacturer or makers marks or serial numbers as required by Title 26 U.S.C. § 5842.

12.     The National Firearms Registration and Transfer Record is a database in which the transfer and documentation of legally owned and manufactured firearms falling under the National Firearms Act is maintained. This database was queried on November 16, 2020, which revealed that Blaine Kenneth KLUGE did not have any item registered in his name, as would be required were the silencer found in his bedroom to be legally owned. As confirmed by FEO Hoffman's examination of the item, it means that the silencer was constructed by an individual rather than purchased through legal channels.

### III.    CONCLUSION

17.     Based on the information provided above about the burglary and desecration of the Bel Air United Methodist Church, the follow-up search warrant at KLUGE's residence and the items removed from his bedroom pursuant to same, coupled with the determination of FEO Hoffman that the suspected silencer is, in fact, an actual silencer not registered in the National

1:21-mj-208 TMD

Firearms Registration and Transfer Record, I believe that KLUGE possess a firearm that was not registered to him in the National Firearms Registration and Transfer Record (NFRTR), to wit a silencer, in violation of Title 26 U.S.C. § 5861(d).

18.     Accordingly, based on the foregoing facts, I believe probable cause exists to support the issuance of a Criminal Complaint charging Blaine Kenneth KLUGE with the possession of a firearm not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26 U.S.C. § 5861(d).

*Timothy Moore*
_____
Timothy K. Moore
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this __28__ day of January, 2021.

_____
Honorable Thomas M. DiGirolamo
United States Magistrate Judge